WHITMORE *v.* DETROIT UNITED RAILWAY.

1. CARRIERS — STREET RAILWAYS — ALIGHTING · FROM CAR — SAFE PLACE.

Where it appeared from testimony in a negligence case that a female passenger, burdened with a basket, upon starting to alight from one of defendant's cars, objected to the conductor that the place where the car was standing was a bad spot at which to alight, and that testi-

mony tended to show that the street had been torn up to be repaved at that point, and that plaintiff stepped on loose blocks which overturned and threw her, there was evidence sufficient to warrant the court in submitting to the jury the question of defendant's negligence in stopping the car at a dangerous place to discharge passengers.

2. SAME—EVIDENCE—CONTRIBUTORY NEGLIGENCE.

Upon evidence tending to show that the plaintiff, in alighting from the car in the daylight, saw the unsafe condition of the pavement, which was torn up, that she could have seen some loose blocks placed at the point where she was about to alight, she will be held to have seen what she could have seen when she looked, and the court properly directed a verdict for defendant on the ground of her contributory negligence.

Error to Wayne; Hally, J. Submitted January 14, 1915. (Docket No. 88.) Decided March 18, 1915.

Case by Nellie Whitmore against the Detroit United Railway for personal injuries. Judgment for defendant upon a directed verdict. Plaintiff brings error. Affirmed.

*Barbour, Field & Martin* and *Henry C. L. Forler,* for appellant.

*Corliss, Leete & Moody* and *A. B. Hall,* for appellee.

KUHN, J. The plaintiff brought this action to recover for personal injuries sustained on November 25, 1912, while alighting from one of defendant's electric street cars at or near the intersection of Kercheval and Concord avenues, in the city of Detroit. The plaintiff's destination was a residence on the East Grand boulevard, which runs parallel with Concord avenue, while Kercheval avenue is at right angles thereto. Approaching from the west, the street car line on Kercheval avenue turns on Concord avenue toward Jefferson avenue and away from the boulevard.

On the morning of the day of the accident the plaintiff was riding in what is commonly known as a "pay-as-you-enter car." The vestibules of these cars are inclosed, and the conductor, from a position inside the car, by means of a lever, opens the folding door of the vestibule and lowers the step. As the car approached Concord avenue, the plaintiff gave the usual signal to stop, and the car was brought to a stop at or near the intersection of Concord and Kercheval avenues, at a place claimed by the plaintiff not to be the usual stopping place. At the place where the car stopped, the street was being repaved, and had been dug out about 12 inches for that purpose; it not appearing from the proofs who was doing the work of repaving. As the car stopped, the conductor from his position turned the lever, opening the doors and lowering the step. The plaintiff, as she went to get out, and while standing on the step, facing the conductor, who was looking at her, said, "This is an awful place to let me off." The conductor made no reply, but had his hand raised as if to give the motorman the signal to start the car. The plaintiff, fearing that the car would start, with a basket in her right hand, facing the front, and holding the handle on the car with her left hand, stepped down on some blocks, which she claims she had not seen because they were under the step, and was thrown and injured. It is also claimed that, if the car had gone a few rods further, the pavement there was in such a condition that the plaintiff could have alighted without danger of being injured.

The trial judge, at the close of plaintiff's proofs, on motion of defendant's counsel, directed a verdict in favor of the defendant on the ground that, although there was evidence to submit the case to the jury as to the negligence of the defendant in not exercising proper care to stop the car at a place reasonably safe to alight, nevertheless, under the circumstances of this

case, the plaintiff must be held to be guilty of contributory negligence, as a matter of law. Whether this action on the part of the trial court was proper is the question before us for review.

There was sufficient evidence, in our opinion, to warrant the submission of the case to the jury as to the defendant's negligence in not at least exercising proper care to see that the place of alighting was safe. *Spangler* v. *Traction Co.*, 152 Mich. 405 (116 N. W. 373), and cases cited therein.

But it is also clear, it being in broad daylight, that the dangerous condition must have been as obvious to plaintiff as to the employees of the defendant company. This is not a case of alighting in the dark and when the danger is unknown to the passenger. The rule which it seems to us is applicable is thus stated in Nellis on Street Railways, § 308:

> "But where a passenger, in alighting from a car, has as good an opportunity as the company or its servants to observe the conditions which confront him, and to know as well as they whether such conditions are dangerous to him in an attempt to alight, he is held to be guilty of contributory negligence, precluding a recovery, in case he is injured. If the street at the place of discharging a passenger presents a dangerous condition to one alighting there, and such danger is obvious to the passenger, the carrier is not liable to him for injuries received from such defects."

It is the plaintiff's claim that, although she looked and complained of the dangerous condition to the conductor, she did not see the blocks, which she claims were under the step. If this claim is true, it seems impossible for her to have stepped upon them, as she was on the step, and in stepping down and away from it could not have come into contact with the blocks. If they were in such a position as to make it possible for her to have stepped upon them when she alighted, she must have seen them, if she in fact looked, and

she will be held to have actually seen what she could have seen when she looked. *Indianapolis, etc., Terminal Co.* v. *Pressell,* 39 Ind. App. 472 (77 N. E. 357). Her own negligence, in our opinion, as a matter of law, proximately contributed to her injury, and therefore the trial judge acted properly in directing a verdict for the defendant.

The judgment is affirmed.

BROOKE, C. J., and McALVAY, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.