## DEGENS *v.* LANGRIDGE.

1. NEGLIGENCE—TRIAL—ADMISSION AND REJECTION OF TESTIMONY.
   In an action for personal injuries caused by being struck by defendant's automobile at or near a street intersection, *held*, no reversible error in the court's rulings on the admission and rejection of testimony as to the nature of plaintiff's injuries, no claim being made that the verdict is excessive, and a full cross-examination of plaintiff having been permitted.

2. APPEAL AND ERROR—STRIKING ANSWER CURED BY LATER RECEPTION OF ANSWER.
   There was no reversible error in striking out the answer of witness that at the time of collision the car was going very slow, where he afterwards testified that it was going 8 or 9 miles an hour.

3. SAME—WORD OMITTED IN TRANSCRIPT CORRECTED BY JUDGE IN CERTIFICATE.
   Where the trial judge instructed the jury that a violation of the provisions of the ordinance regulating speed "is not in and of itself negligence," but in the transcript of testimony furnished defendant's attorney the word "not"

was inadvertently omitted, it was not error for the judge to state in his certificate that he used the word "not" in said instruction.

4. Same—Charge as Whole Considered Rather Than Certain Sentences.
    Where the charge of the court fairly presented to the jury the claims of the parties and the law applicable thereto; error alleged on certain sentences thereof will not be considered.

5. Negligence—Contributory Negligence—Conflicting Testimony Presents Question for Jury.
    Where there was a sharp conflict in the testimony as to the conduct of the plaintiff, the question of his contributory negligence was properly one for the jury.

Error to Wayne; Codd (George P.), J. Submitted April 7, 1921. (Docket No. 32.) Decided June 6, 1921.

Case by Albert G. Degens against Alfred Langridge for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Lau, Edwards, Eyster & French,* for appellant.

*Dohany & Dohany,* for appellee.

Sharpe, J. Plaintiff, a man 68 years of age, recovered a verdict, on which judgment was entered, for $1,950 for damages sustained by him by being struck by defendant's automobile at or near the intersection of Woodward and Jefferson avenues in the city of Detroit. It is plaintiff's claim that, going west, he approached this corner on foot from the north side of Jefferson avenue; that as he reached the corner the traffic was moving north and south and he went with it; that after he had passed the southerly street railroad track the east and west traffic was released; that he proceeded onward and, when a few feet from the

curb, was struck by defendant's machine, which had turned suddenly and without warning around the southeast corner of the intersection at a speed of 12 miles per hour; and that the injuries sustained caused him much pain and suffering and were severe and permanent in their nature. The defendant insists that the collision was caused by plaintiff's negligence, and that he was without fault. There is no claim made that the verdict is excessive. Defendant moved for a new trial. This was denied, and he brings error. The assignments relied on will be considered in the order discussed by defendant's counsel in their brief.

1. The first 12 are based on the admission and rejection of testimony. Many of them relate to the nature of plaintiff's injuries. There is no claim made that the verdict is excessive. A full cross-examination of plaintiff was permitted. We find no reversible error in any of the court's rulings.

2. A witness, in answer to a question put by defendant's counsel as to the speed of the car at the time of the collision, said, "All I can say, it was going very slow." This was stricken out. As the witness afterwards testified that the car was going at 8 or 9 miles per hour as it rounded the corner, this need not further be considered.

3. In the transcript of testimony as furnished to defendant's attorneys, it appeared that the court instructed the jury that a violation of any of the provisions of the ordinance regulating speed "is in and of itself negligence." When the attention of plaintiff's attorney was called to this, he had the stenographer who reported the case look up his original notes and discovered that the word "not" between "is" and "in" had been inadvertently omitted. The trial judge in his certificate states that he used the word "not" in

the instruction given. We find no error in the action of the court in making the correction.

4. While error is alleged on certain sentences in the charge of the court, we have read it with care and find that it fairly presented to the jury the claims of the parties and the law applicable thereto.

5. It is strongly urged that a new trial should have been granted for the reason that plaintiff's contributory negligence was established by the proofs. There was sharp conflict in the testimony as to the conduct of the plaintiff and the effort made by him to avoid the collision. It will serve no useful purpose to review it. A question for the jury was presented under a number of the recent decisions of this court. *Schock* v. *Cooling,* 175 Mich. 313; *Levyn* v. *Koppin,* 183 Mich. 232; *Tuttle* v. *Briscoe Manfg. Co.,* 190 Mich. 22; *Amley* v. *Milling Co.,* 195 Mich. 189; *Patterson* v. *Wagner,* 204 Mich. 593; *Benjamin* v. *McGraw,* 208 Mich. 75; *Darish* v. *Scott,* 212 Mich. 139.

The errors not discussed have been considered and in our opinion are without merit.

The judgment is affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.