FINKEL *v.* OTTO MISCH CO.

1. APPEAL AND ERROR—CORRECTION OF CHARGE BY ATTORNEY WHO DID NOT SUBMIT REQUESTS TO CHARGE—RECORD.

Trial court's refusal to allow plaintiff's attorney who had not submitted requests to charge to suggest corrections in court's charge to jury after charge had been given *held,* not reversible error under record failing to show nature of the requests counsel desired to submit or indicating that court's action was prejudicial.

2. TRIAL—COMMUNICATION BETWEEN JUDGE AND JURY.

Written communication by jury to judge asking whether it could fix the amount of the judgment, upon bottom of which judge wrote ''yes'' and had it returned to jury room, was improper.

3. APPEAL AND ERROR—COMMUNICATION BETWEEN JUDGE AND JURY— CURING ERROR.

After trial judge who had received note from jury' which had retired, asking whether or not it could fix the amount of the judgment, wrote ''yes'' on bottom of the note and had it returned to the jury room, his conduct in recalling jury to · courtroom immediately and explaining what was meant by the court's written answer precluded reversal therefor as the error did not affect the substantial rights of plaintiff (3 Comp. Laws 1929, § 15518).

4. TRIAL—CHARGE OF COURT CONSIDERED IN ITS ENTIRETY.

The charge of a court to a jury must be considered in its entirety, and error will not lie upon detached sentences which, when construed with the rest of the charge, are not objectionable.

5. SAME—CHARGE OF COURT—PREPONDERANCE OF EVIDENCE—CHARGE AS A WHOLE.

Portion of charge stating that the law says to the plaintiff that before he could recover anything at all he must satisfy the jury by a preponderance of the evidence, by evidence that outweighs all the other evidence against it, that his cause is just and that it is the correct one was not erroneous when considered with the charge as a whole.

6. CONTRACTS—INSTRUCTIONS—ARCHITECT'S SERVICES—NEW TRIAL AS TO ONE OF TWO DEFENDANTS.

In action against an individual defendant for sums due under a written contract for plaintiff's services as an architect in the construction of two buildings and under an alleged joint oral contract as to a third building against such defendant and a corporate defendant, in which jury rendered a verdict of no cause of action as to both defendants, fact that court granted plaintiff a new trial as to the individual defendant *held*, insufficient to require granting a new trial as to the corporate defendant because of alleged confusion and contradiction in instructions where claim for damages was a definite percentage of the estimated cost of each building, no *quantum meruit* was involved and there could have been no confusion as to the claimed amounts on each job.

7. Appeal and Error—Verdicts—Overwhelming Weight of Evidence—Record.

In architect's action to recover for services rendered pursuant to two contracts, one oral and one written, claim that verdict for defendants was against the great and overwhelming weight of the evidence was not supported by record showing issues sharply drawn and strenuously disputed and testimony complete on both sides.

Appeal from Wayne; Chenot (James E.), J. Submitted October 6, 1939. (Docket No. 80, Calendar No. 40,767.) Decided December 20, 1939. Rehearing denied February 14, 1940.

Assumpsit by Maurice H. Finkel against Otto Misch Company, a Michigan corporation, and Samuel Plotkin for sums due for architectural services. Verdict for defendants. Judgment for defendant Otto Misch Company. New trial granted plaintiff as to defendant Plotkin. Plaintiff appeals. Affirmed.

*Isaac M. Smullin* and *Walter M. Nelson,* for plaintiff.

*Devine, Kent & Devine,* for defendant Otto Misch Company.

Bushnell, J. Plaintiff brought action in assumpsit against defendants Otto Misch Company and Samuel Plotkin for $79,000 for his services as an architect. He claims that he designed two buildings for Samuel Plotkin, to be erected at an estimated cost of $560,000, and another for Plotkin and Otto Misch Company to cost $1,700,000. Plaintiff's claim against Plotkin was based upon a written contract and his claim against Otto Misch Company and Plotkin was based on a joint oral contract. No claim was made against the Otto Misch Company with respect to the two buildings designed for Plotkin. At the

close of plaintiff's proofs, a motion by defendant Otto Misch Company to dismiss on the grounds of misjoinder, running of the statute of limitations, and noncompliance with the statute of frauds, was taken under advisement. The motion was renewed later and decision was reserved until after the verdict of the jury. The jury returned a verdict of no cause of action as to both defendants.

Plaintiff says his counsel was denied an opportunity to suggest corrections in the court's charge. At the conclusion of the charge the court addressed counsel, saying: "Is there anything further, gentlemen?" Plaintiff's attorney replied, "Yes, your honor, I would like your honor to instruct the jury—" A colloquy ensued in the presence of the jury, in which the judge stated: "No requests to charge after I am through charging the jury." After the jury retired, plaintiff's attorney called the court's attention to the fact that he had informed the clerk that he would like to talk to the court in the absence of the jury, whereupon the court reminded counsel that no written requests to charge had been submitted by plaintiff. In *Niemi* v. *Brady,* 230 Mich. 217, defendant's counsel handed the trial judge certain requests as he was about to begin his charge to the jury and he declined to consider them. This court said:

"The better practice requires that requests should be presented at such times as will enable the trial court to consider them before the arguments are completed."

The record does not show the nature of the requests that counsel desired to submit, and there is nothing to indicate that the action of the court was prejudicial.

It is argued that the jury's verdict was wholly bad because of a written communication between the court and jury. After the jury retired and while

they were deliberating, they sent a note to the trial judge, reading: ''Can we fix the amount of the judgment?'' The judge wrote the word ''yes'' on the bottom of the note and had it returned to the jury room. Before a verdict was reached, the court had the jury brought into the court room, entered the foregoing facts upon the record by questioning the foreman, and then explained to the jury what was meant by the court's written answer to the jury's note. Such written communication between the court and the jury was improper, and so recognized by the trial judge when he stated in the hearing on the motion for a new trial that—

''I am satisfied with this record on this question of what I did in calling this jury back, and if I made an error in writing 'yes' on that piece of paper and sending it back to that jury, the undisputed fact remains, which cannot be controverted, that I called them back down here almost immediately thereafter, and the charge and the questions ensued which this transcript bears out. So I say, if I made any error, in my humble judgment, I think I was certainly overanxious and more than fair in my efforts to cure it, and if that be reversible, I cannot subscribe to it until I am so informed.''

In *Hopkins* v. *Bishop*, 91 Mich. 328 (30 Am. St. Rep. 480), the court said:

''The court had no right to send an answer to the jury room to a question propounded in writing to him by the jurors, after they had retired to deliberate upon their verdict, without the consent of counsel in the case.''

The prompt and careful manner in which the trial judge corrected this error precludes reversal on this point (3 Comp. Laws 1929, § 15518 [Stat. Ann. § 27.2618]), such error not affecting the substantial

rights of plaintiff. See *Jenks* v. *County of Ingham,* 288 Mich. 600, and cases cited at page 605.

Plaintiff also complains about certain portions of the instructions given by the court, such as the use of the word "theories" instead of "items," and that plaintiff's claim against the two defendants was "without a scratch of the pen or any evidence of it in writing." Despite subsequent language in the charge, plaintiff argues that the jury was misled by the statement that "the law says to the plaintiff, before you can recover anything at all here, you must satisfy this jury by a preponderance of the evidence, by evidence that outweighs all the other evidence against it, *that your cause is just and that your cause is the correct one.*"

The claimed prejudicial portions of the court's charge have been examined and attention is again called to the fact that the charge must be considered in its entirety. Error will not lie upon detached sentences which, when construed with the rest of the charge, are not objectionable. *Crook* v. *Eckhardt,* 281 Mich. 703, 715. Considering the charge as a whole, we find no error. *Fitzcharles* v. *Mayer,* 284 Mich. 122 (3 N. C. C. A. [N. S.] 565).

In support of his claim that the instructions given the jury were contradictory and confusing and that a new trial should have been granted him as to defendant Otto Misch Company, plaintiff points out that the jury returned a verdict of no cause of action as to both defendants and the court granted him a new trial as to defendant Plotkin. It must be borne in mind, however, that plaintiff's claim of damages is based upon a definite percentage of the estimated cost of construction of each building, the claim against Plotkin being based upon a written contract and that against Otto Misch Company on an oral contract. In neither instance was *quantum meruit*

involved, and there could not have been any confusion as to the claimed amounts on each job.

Plaintiff further claims that the jury's verdict of no cause of action is against the great and overwhelming weight of the evidence. The record does not support this claim. The issues were sharply drawn and strenuously disputed. The testimony was complete on both sides, a question of fact was raised for the consideration of the jury, and its verdict is not against the great and overwhelming weight of the evidence.

No appeal was taken from the order granting plaintiff a new trial as to defendant Plotkin. The judgment entered upon the jury's verdict of no cause of action as to Otto Misch Company is affirmed, with costs to appellees.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.