## MAX v. CITY OF DETROIT.

1. Carriers—Buses—Passengers—Injury While Alighting.
   Jury's verdict for defendant bus owner in action by plaintiff passenger for injuries she received as she alighted from the bus *held*, fully substantiated by the evidence, in view of testimony of disinterested witness that as plaintiff left bus its door did not close on her as she stepped into the street in path of approaching car which passed between bus and the curb.

2. Appeal and Error—Instructions Considered as a Whole.
   The Supreme Court must review the charge to the jury in its entirety and not give undue weight to any particular sentence or sentences wrested from their context.

References for Points in Headnotes

[1, 3, 5–9]  37 Am Jur, Motor Transportation § 149.
[1, 3, 5–9]  Duty and liability of carrier of passengers for hire by automobile.   4 ALR 1500; 31 ALR 1202; 45 ALR 297; 69 ALR 980; 96 ALR 727.
   Liability of motorbus carrier for death of or injury to discharged passenger struck by vehicle not within its control. 145 ALR 1206.
   Liability of motorbus carrier to passenger injured through fall while alighting from vehicle. 9 ALR2d 938.
   Carrier's liability to person in street or highway for purpose of boarding its vehicle. 7 ALR2d 549.
[2, 4]  3 Am Jur, Appeal and Error § 1097.
[6, 8]  37 Am Jur, Motor Transportation § 157.

3. CARRIERS—PASSENGERS—INSTRUCTIONS.

Instructions to jury in passenger's action against bus owner for injuries she received as she alighted from the bus *held*, to have clearly stated the law applicable to the case and to have clearly defined the issue.

4. TRIAL—INSTRUCTIONS—OBJECTIONABLE ISOLATED SENTENCES.

The fact that some sentences in the instructions to the jury, when isolated, might be objectionable does not constitute error if the charge when taken as a whole clearly stated the law.

5. SAME—INSTRUCTIONS—NEGLIGENCE.

Instruction in personal injury case, which was in effect that the jury was not to be guided by prejudice or sympathy and not an absolute instruction that defendant was not liable regardless of whether it was negligent or not was not prejudicial, where effect which evidence of defendant's negligence, if any, should have upon the verdict was fully explained later on in the charge.

6. NEGLIGENCE—INSTRUCTIONS—PLAINTIFF'S BURDEN OF PROOF.

Instruction in personal injury case which set forth that plaintiff had the burden of showing defendant's negligence, that it was the proximate cause of plaintiff's injuries and that plaintiff was free from contributory negligence *held*, proper, notwithstanding some preliminary statements as to defendant's liability were the subject of complaint by plaintiff.

7. CARRIERS—PASSENGERS—INSTRUCTIONS—REQUEST TO CHARGE—EVIDENCE.

Failure of trial court to give instruction that carrier of passengers for hire is charged with a very high degree of care did not constitute reversible error, where jury was instructed that if the bus driver attempted to close the bus door and struck plaintiff, he was negligent, an instruction supported by plaintiff's testimony.

8. SAME—PASSENGERS—STANDARD OF CARE.

The test of care exercised by a passenger in a bus that is followed by another car is not what the passenger thought as to whether or not it was safe to alight but whether or not a reasonably prudent person would so believe under the same circumstances.

9. SAME—PASSENGERS—PROXIMATE CAUSE—REQUEST TO CHARGE.

Plaintiff's request to charge that if bus driver opened the bus door for her to alight while bus was in the middle of the street, defendant should be charged with negligence was

properly refused, where plaintiff's proof showed that she claimed that it was the closing of the door which caused her injuries.

Appeal from Wayne; Ferguson (Frank B.), J. Submitted June 2, 1953. (Docket No. 5, Calendar No. 45,791.) Decided October 6, 1953.

Case by Blanche Max against City of Detroit for injuries sustained while passenger on bus. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Daniel H. Cronin* and *Lucien N. Nedzi,* for plaintiff.

*James S. Shields,* for defendant.

Butzel, J. On January 21, 1949, Blanche Max, plaintiff, was a passenger on a bus operated by the department of street railways and owned by the city of Detroit, defendant. The bus was proceeding west on East Warren avenue, a 1-way street in Detroit. As it approached the intersection of McDougal avenue plaintiff rang the bell indicating her desire to alight at the next stop, located on the northwest corner of the intersection. The bus stopped at the east side of McDougal avenue for a traffic light. Plaintiff testified that it stopped approximately in the center of East Warren avenue; that she stepped down to the bottom step at the rear door, from which she leaned out and looked to the rear of the bus, where she observed an automobile approaching from the rear at a very slow rate of speed; that the automobile was about 5 or 6 feet to the rear of the bus when she saw it; and that it seemed to her as if it was about to stop. She further testified that she had determined not to alight from the bus, but that

the driver started to close the rear door so that it struck her on the left arm, thereby causing her to jump out with her left foot. As a result she fell to the street and was struck by the automobile she had seen approaching. The driver of the bus, on the other hand, testified that the traffic light had just turned to red when he stopped; that plaintiff had rung the bell several times so that he knew she wanted to get off; and that the bus was stopped 1 car length from the north curb. He described the accident as follows:

"As I stopped at this light I knew I had half a minute there 'til the light changed. She rang so insistent 2 or 3 times, I think she wants to get off this side of the street. I glanced in my sideview mirror and I think I was close enough to the car (*sic*), no vehicle could get in there. It turned out different. So I opened the door and as she stepped out I noticed this car squeeze in between that space."

He further testified that he did not believe he had closed the door on plaintiff because immediately upon seeing the accident he alighted from the front door of the bus to go to her assistance and both doors of the bus were synchronized so that they worked together; one could not be open and the other closed at the same time. He did not recall having to open the front door in order to get out. A totally disinterested witness who was a passenger on the bus at the time testified that she had been sitting in the rear part where she had a good view of the rear door; that the bus was almost empty at the time; that she saw plaintiff alight; and that the door did not close on plaintiff, but that she had stepped off the bus into the street and into the path of the approaching car (the car approaching between the bus and the curb). This constitutes substantially all of the testimony presented in regard to the accident. The jury returned a verdict of no cause of action, which

was fully substantiated by the evidence. Plaintiff bases her claim for appeal mainly on the charge of the judge and on his failure to give certain charges requested by her. She also claims that there was no evidence of contributory negligence.

In reviewing the charge to the jury, we must consider it in its entirety, without giving undue weight to any particular sentence or sentences wrested from their context. We cannot just take isolated parts of a charge without considering it in its entirety. *Degens* v. *Langridge,* 214 Mich 573. The charge taken as a whole clearly states the law as applicable to this particular case and clearly defines the issue. The fact that some sentences when isolated might be objectionable does not constitute error if the charge taken as a whole clearly states the law. *Bouma* v. *Dubois,* 169 Mich 422; *Wilcox* v. *Jenison,* 198 Mich 182; *Finkel* v. *Otto Misch Co.,* 291 Mich 630; *Samuelson* v. *Olson Transportation Co.,* 324 Mich 278; *Seta* v. *Swain,* 327 Mich 668. While the charge herein complained of is not free from criticism we cannot say that it was prejudicially erroneous. The judge charged in part:

"Now in every case we have a plaintiff and a defendant. You are not to be guided by any sympathy in the case for one who is injured in reaching a decision of the facts; nor are you to be prejudiced against anyone who might have caused an accident. Your finding must be based solely upon the evidence, and it matters not to you whether it is in favor of the plaintiff or in favor of the defendant, because justice is what we are seeking. *You can only do justice by determining the facts as you see them and regardless of the fact that the plaintiff has been injured or that the defendant has caused the injury."*

Plaintiff complains of the italicized portion. This was not, as plaintiff seems to believe, an absolute instruction that defendant was not liable regardless

of whether it was negligent or not, and as a whole was only an instruction that the jury was not to be guided by prejudice or sympathy. The effect which the evidence of defendant's negligence, if any, should have upon the verdict was fully explained later on in the charge.

Plaintiff also complains of the instruction that:

"An accident may happen in which there is liability, but if there is not any evidence to support the claim of negligence, there can be no recovery even though the person may be liable."

However, following that statement the judge continued by saying:

"What I am trying to tell you is, that in every case, just because someone is injured, does not create liability. He must prove certain things in order to recover.

"In this case plaintiff must prove the negligence of the operator of the bus. She must prove that that negligence was the proximate cause of this accident; and she must prove also that she herself was free from negligence which in any way contributed to the accident. Those are the 3 things the plaintiff must prove. The defendant does not have to prove anything."

This is all to be taken as meaning only that plaintiff has the burden of proof, and that if she fails to prove her case she cannot recover, which is settled law.

The last sentence quoted above is also specifically complained of, although it is clearly not erroneous. The charge must be read in its entirety. It is quite lengthy, covering 10 pages of the printed record, and we shall not prolong this opinion by setting forth other portions complained of. We have considered them all, however, and do not find prejudicial error.

The judge failed to give plaintiff's request to charge that: "in the transportation of passengers for hire the defendant is chargeable with a very high degree of care."

He did instruct the jury, however, that if the driver of the bus attempted to close the door and struck plaintiff, the defendant was negligent. Plaintiff's testimony was solely to the effect that she was knocked out of the bus, not that she was required to alight in an unsafe place. If believed, the charge actually given was even more advantageous than the one requested.

Plaintiff also requested the court to charge that if after making her observations of the approaching automobile she reasonably believed that she could alight in safety she would not be guilty of contributory negligence. The judge charged instead that it was not what plaintiff thought but rather what a reasonably prudent man under the same circumstances would believe, that determined whether she was negligent or not. In this he was clearly correct. The test laid down by 2 Restatement, Torts, § 283, is as follows:

"Unless the actor is a child or an insane person, the standard of conduct to which he must conform to avoid being negligent is that of a reasonable man under like circumstances."

Plaintiff further requested the court to charge that if the driver opened the door for the purpose of having her alight while the bus was in approximately the middle of the street, defendant was negligent and that if plaintiff was free from contributory negligence she should have a verdict. However, as we have already noted, it was not the opening of the door which plaintiff says caused her injuries, but rather an attempt to close it. She emphatically testified that she had no intention of disembarking from

the bus until it reached the safety zone on the west side of McDougal. Under her testimony the opening of the door was not the proximate cause of her injuries. Even if there were any merit in this claim of plaintiff, it is clear that there was a question of fact presented as to her contributory negligence and the issue was properly given to the jury.

Judgment for defendant is affirmed, with costs.

DETHMERS, C. J., and ADAMS, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.

BOYLES, J., did not sit.