## PAULTANIS *v.* NUTT.

1. STREET RAILWAYS — PASSENGERS — ALIGHTING INTO OBVIOUS DANGER.

   A passenger who alights from a streetcar with as good an opportunity as the streetcar operators to observe the conditions which confront him and to know as well as they whether such conditions are dangerous to him in an attempt to alight and is injured while alighting in such a dangerous position is guilty of contributory negligence precluding recovery.

2. SAME—PASSENGERS—CONTRIBUTORY NEGLIGENCE.

   The standard of care to which a streetcar passenger must conform when alighting from the streetcar, in order to be free from contributory negligence, is that of a reasonable man under like circumstances as the street is not a passenger station for the safety of which the streetcar operator is responsible.

3. SAME—NEGLIGENCE—ALIGHTING PASSENGERS.

   A street railway operator is not liable for injuries sustained by its passengers in the act of alighting from the streetcar caused by vehicles moving along the street as such intermittent danger is not one of such kind that the operator could always give previous warning of the specific danger, the danger is known to all and the passenger, having alone the control of his own movements, must rely upon himself, his own precaution and judgment.

4. SAME—NEGLIGENCE—PASSENGER ALIGHTING AT UNPROTECTED STOP —CONTRIBUTORY NEGLIGENCE.

   It is the duty of a passenger upon a streetcar, when alighting from the car upon a public street or highway, to exercise ordinary care for his own safety against danger arising from the

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 10 Am Jur, Carriers § 1530; 38 Am Jur, Negligence § 184 *et seq.*

[2] 10 Am Jur, Carriers § 1474 *et seq.*; 38 Am Jur, Negligence § 190.

[3–5] 10 Am Jur, Carriers §§ 1411, 1412.

use of the street at that time and place by vehicular travel; and when the stop of the streetcar is at a point where vehicular travel is not held in abeyance by a traffic officer, signal light or other regulations while the streetcar is standing at such stop, the ordinary care required on the part of the passenger leaving the car at such point includes the duty of the passenger to look in the direction from which vehicular travel may reasonably be expected to approach, and such looking should be done at a time when it will be effective to serve the purpose designed by it; and a failure to so look constitutes such negligence as will bar a right of recovery for injuries by collision with such vehicular travel which might otherwise be avoided by the observance of the care required.

5. SAME—ALIGHTING PASSENGERS—PASSING AUTOMOBILE.

Plaintiff streetcar passenger who was guilty of contributory negligence as a matter of law in failing to exercise due care and caution for his own safety when alighting from streetcar at an unprotected stop on city street may not recover from motorist whose car injured him as he stepped in front of her moving car.

Appeal from Wayne; Webster (Arthur), J. Submitted January 5, 1955. (Docket No. 24, Calendar No. 46,088.) Decided April 14, 1955.

Case by John Paultanis against Eleanor Nutt, Henry R. Sasinowski and City of Detroit, Department of Street Railways, a municipal corporation, to recover damages for injuries sustained when struck by automobile while alighting from streetcar. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*O. B. Weed* (*Edward P. Echlin,* of counsel), for plaintiff.

*Payne & Payne* (*Everett D. Crowe,* of counsel), for defendants Nutt and Sasinowski.

*Leo A. Sullivan* (*James S. Shields,* of counsel), for defendant city of Detroit.

KELLY, J.  This is a suit for personal injuries. Plaintiff appeals from judgment for defendants upon a directed verdict.

On November 3, 1950, plaintiff, then 68 years of age, was returning from work about 5 p.m. on a streetcar owned and operated by defendant department of street railways.  While in the act of alighting therefrom plaintiff was struck by a motor vehicle driven by defendant Eleanor Nutt.  Plaintiff suffered bruises, contusions and lacerations and a fracture of his right leg.

Plaintiff testified that as the streetcar on which he was a passenger was brought to a stop he proceeded to leave the same to alight, using the middle or rear doors, which had been opened by the conductor; that he looked out but could only see a very few feet at a right angle; that he did not see the automobile which later struck him while his right foot was on the pavement and his left foot was still on the step.

Defendant Eleanor Nutt testified that she was driving the automobile with the permission and consent of her brother-in-law, defendant Sasinowski. She further said that just prior to the accident while traveling at about 5 miles per hour her car "caught up with the streetcar right near the door;" that plaintiff stepped "out of the streetcar and onto the car;" that she "could have sworn the streetcar was still in motion when the doors flew open and the fellow stepped, walked out.  I didn't see how he could have walked out in front of me and then have me stop.  That I can't see."  The street was so narrow at the place where the accident occurred that there was just room for a car to pass between the car tracks and the curb.  She said she believed the bumper of the car struck him as he stepped "right down from the streetcar" and that she "was close enough for him to step right on me."  She immedi-

ately got out of her car and helped plaintiff over to the sidewalk and when he complained of pains in his leg she wanted to take him to a doctor but he refused. Plaintiff's son came to the scene of the accident as a result of a telephone call she had placed to him. A police officer came to the scene of the accident and she gave him a statement. Defendant Nutt described the location of the streetcar where the passenger got off, in reference to the regular stop, as follows: "It was the second streetcar back. The first one was standing and the second one was back, that is why you wouldn't expect anybody to get out of the middle of the block. I didn't expect the conductor to open the door and leave anyone out there. With that anticipation I continued to drive on as fast as I was going." She stated she could not swear whether the streetcar was moving or had stopped when plaintiff alighted, or whether plaintiff's foot was extended in the air or was on the pavement when she struck him because "it happened so fast."

The testimony of plaintiff and that of Eleanor Nutt, called as a witness under the statute,* constituted plaintiff's case. The court directed a verdict and in part said:

"Passing the question of negligence or proximate cause, we come to the important thing here in this case, the failure to show that he himself was not in some respect, in some degree negligent. As far as the DSR is concerned, if the conductor of that car was negligent in putting him out there in front of another car that was coming along there, he, himself, was negligent in stepping out in front of that car and that would relieve the DSR.

"Now we come to the driver of the automobile and the same act of negligence on the part of the plaintiff applies. Assume now she was guilty of violating a statute and therefore, was guilty of neg-

---

* See CL 1948, § 617.66 (Stat Ann § 27.915).—REPORTER.

ligence in driving alongside of the streetcar and not stopping back 10 feet. She was driving there and her approach to that particular point where the accident happened could have been seen by the operator of the streetcar and by the man who was stepping off, and the man who was stepping off was obligated not to step off there when he could have seen that it was dangerous to do so.

"That is an elaborate explanation of the doctrine and it gets back to the point that in order to recover, a plaintiff must show negligence, that this was a proximate cause, and his own complete freedom from contributory negligence. Under the facts as we have them here, and there is no dispute about the facts, that this car was approaching so close to him that it struck him just as he put his foot down on the pavement, going 5 miles an hour, he should have seen that car and shouldn't have made the step down and being guilty of that negligence he is not entitled to recover."

Appellant contends that the defendant department of street railways was guilty of negligence when its conductor opened the doors "thus inviting plaintiff to alight" at a place of danger caused by the approaching automobile, and cites *Spangler* v. *Saginaw Valley Traction Co.,* 152 Mich 405; and *Knapp* v. *City of Detroit,* 295 Mich 311. Neither of these cases involves the question of the defendant company's negligence caused by a passenger alighting from a streetcar into the path of an automobile. Each relates to the question of the company's negligence for stopping the streetcar at a place where plaintiff passenger stepped down from said car into a hole or excavation in the street.

In *Spangler* v. *Saginaw Valley Traction Co., supra,* we held:

"In an action by a passenger against a street-railroad company for personal injuries received by falling into a paving excavation between defendant's

tracks immediately after alighting, the situation having been created by defendant a few hours before the injury, evidence examined, and *held,* to warrant a finding that it was negligence on the part of the carrier to stop its car at the place it did stop it and invite plaintiff to alight there without in some suitable way informing her of the conditions." (Syllabus 4.)

"A street is not a passenger station, for the safety of which a street-railway company is responsible; ordinarily, a passenger, having safely alighted from a streetcar, becomes at once a traveler upon the highway, and his duty and the duty of others towards him have no relation to the reciprocal duties which a moment before existed between the carrier and himself." (Syllabus 1.)

In *Knapp* v. *City of Detroit, supra,* we stated (p 315):

" 'In case of a passenger injured in alighting from a streetcar owing to the condition of the street, it is said that liability exists where the dangerous condition of the street is known or could have been known to the street-railway company, but is unknown to the alighting passenger, unless he is warned or assisted to a safe place.' "

In the above-cited case, in regard to defendant's contention that the plaintiff was guilty of contributory negligence as a matter of law in not seeing the hole in the pavement, this Court said (p 317):

"Under the facts in this case, especially the crowded condition of the safety zone, this issue presents a question of fact for the jury. We think it cannot be held as a matter of law that the instant case is one within the holdings that if the defect is as obvious to the injured person as to the carrier there can be no recovery. 1 Nellis on Street Railways (2d ed), § 308, p 619; *Whitmore* v. *Detroit United Railway,* 185 Mich 46."

In *Whitmore* v. *Detroit United Railway,* 185 Mich 46, the streetcar stopped where the street was being repaved and had been dug out about 12 inches. The record disclosed that as the plaintiff was leaving the car she said to the conductor, "This is an awful place to let me off." This Court in that case stated (p 49):

"There was sufficient evidence, in our opinion, to warrant the submission of the case to the jury as to the defendant's negligence in not at least exercising proper care to see that the place of alighting was safe. *Spangler* v. *Saginaw Valley Traction Co.,* 152 Mich 405, and cases cited therein.

"But it is also clear, it being in broad daylight, that the dangerous condition must have been as obvious to plaintiff as to the employees of the defendant company. This is not a case of alighting in the dark and when the danger is unknown to the passenger. The rule which it seems to us is applicable is thus stated in 1 Nellis on Street Railways (2d ed), § 308, p 619:

" 'But where a passenger, in alighting from a car, has as good an opportunity as the company or its servants to observe the conditions which confront him, and to know as well as they whether such conditions are dangerous to him in an attempt to alight, he is held to be guilty of contributory negligence, precluding a recovery, in case he is injured. If the street at the place of discharging a passenger presents a dangerous condition to one alighting there, and such danger is obvious to the passenger, the carrier is not liable to him for injuries received from such defects.' "

In *Mitchell* v. *Stroh Brewery Co.,* 309 Mich 231, the plaintiff, while alighting from a streetcar, became confused by defendant's truck being parked about 2 feet from exit door of streetcar and fell when she attempted to get back into the streetcar after having placed one foot on the ground. We held that the plaintiff was guilty of contributory

negligence because it appeared that neither the truck nor the streetcar moved. A headnote in that case reads:

"A passenger who alights from a streetcar with as good an opportunity as the streetcar operators to observe the conditions which confront him and to know as well as they whether such conditions are dangerous to him in an attempt to alight and is injured while alighting in such a dangerous position is guilty of contributory negligence precluding recovery."

No Michigan case has been called to our attention where this Court decided a question similar to the one here presented, namely, the streetcar company's negligence where a passenger was struck by an automobile upon alighting from said streetcar to the street. In *Max* v. *City of Detroit,* 337 Mich 674, plaintiff brought action for injuries received after being struck by an automobile upon alighting from a bus operated by the Detroit department of street railways. Plaintiff's case was predicated upon the claim that she saw the automobile approaching and determined not to alight from the bus but the driver started to close the rear exit door so that it struck her on the left arm causing her to jump out from the bus and resulted in her falling to the street and being struck by an automobile. A judgment for defendant was sustained, and in commenting on plaintiff's request to charge we said (p 680):

"Plaintiff also requested the court to charge that if after making her observations of the approaching automobile she reasonably believed that she could alight in safety she would not be guilty of contributory negligence. The judge charged instead that it was not what plaintiff thought but rather what a reasonably prudent man under the same circumstances would believe, that determined whether she was negligent or not. In this he was clearly correct.

The test laid down by 2 Restatement, Torts, § 283, is as follows:

" 'Unless the actor is a child or an insane person, the standard of conduct to which he must conform to avoid being negligent is that of a reasonable man under like circumstances.' "

While this Court has not been called upon to deal directly with the question presented here in regard to a streetcar company's responsibility to guard against a passenger alighting in the path of an automobile, we call attention with approval to *Downs* v. *Northern States Power Co.*, 200 Wis 401 (228 NW 471), where the Wisconsin court said (pp 403, 404):

"While there is some conflict in the cases, the great weight of authority, sustained by the better reasons, supports the rule that a street railway company is not liable for injuries sustained by passengers in the act of alighting from streetcars where the injury is caused by vehicles moving along the street. The danger from moving vehicles and from other independent agencies operating upon the street is an ever-present one, intermittent in character, varying in degree with each occasion, and is of such kind that previous warning by the company of each specific danger as it arises would become practically impossible. The danger is not constant, but often arises suddenly, and is only momentary. The person encountering danger, having alone the control over his own movements, must rely upon himself and upon his own precaution and judgment. The responsibility of the company should be coextensive with its practical control. It is impracticable for another to take the responsibility of attempting to control and guard, as to such dangers, the person able to take care of himself. The passenger is in a much better position to guard against those dangers than is the company. * * * The danger of being struck by passing vehicles is commonly known to all, and one which the street rail-

way company cannot guard the passenger against, any more than it can guard the passenger against conditions of the street where it is required to discharge passengers.' *Jacobson* v. *Omaha & Council Bluffs Street R. Co.*, 109 Neb 356, 365, 366 (191 NW 327, 31 ALR 563, 570).

" 'In fact, the risk from such danger is more apparent to the passenger than to the motorman because the passenger can, and should, remain on the streetcar until he knows that it is safe for him to step onto the street. Being able to so effectually care for himself, the law should not charge some one else, who obviously cannot do so as well, with the duty of protecting him from such obvious and common dangers. It would, under the circumstances, be impracticable to require the company to take the responsibility of protection against these obvious dangers of the street. The motorman has no way of knowing when a driver will instantaneously become a wrongdoer. He at best could have but little judgment as to these dangers when he is attending his usual duties. The imposition of this additional and exacting duty would necessarily delay traffic with little hope of successful avoidance. The company is not the creator of these conditions or street dangers and they are beyond its control. To say that its duty requires it to protect the passenger from them is, in effect, to make it an absolute insurer of safety to the passenger.' For the passenger, 'the duty is simple and easy. For the company, the responsibility would be so burdensome and impracticable that it would be unreasonable, hence cannot be held to be its duty. Such risks belong to the passenger, and the company cannot be charged with the duty of protecting him, or of giving him warning of such existing dangers.' *Ruddy* v. *Ingebret*, 164 Minn 40, 42, 43 (204 NW 630, 44 ALR 159, 161)."

Appellant contends "that it was the duty of the department of street railways, whose motorman and conductor brought the car to a stop and opened the

doors, thus inviting plaintiff to alight, to ascertain whether or not the place where they invited plaintiff to alight was a safe place, and that their failure in not having done so cannot be imputed to plaintiff." Appellant also contends the defendant company was guilty of negligence in opening the doors of the streetcar for discharge of passengers at a place not designated as a streetcar stop as defined in section 1 of traffic ordinance No 115–D, chapter 237, of the compiled ordinances of 1945, city of Detroit, which reads:

"Streetcar stop. The place designated and plainly marked for streetcars to stop and load, or unload passengers, other than safety zones."

Appellant further states that defendant company violated its duty by opening the doors of the streetcar for discharge of passengers at a place not designated as a safety zone as provided in CLS 1952, § 257.56 (Stat Ann 1952 Rev § 9.1856).

We approve the principles applicable in regard to the duty of a passenger to protect himself from injuries by automobiles on a street when said passenger is alighting from the streetcar at an irregular stop as established by the Ohio supreme court in *Cleveland Railroad Co.* v. *Sebesta* (syllabus), 121 Ohio St 26 (166 NE 898). There it was held:

"It is the duty of a passenger upon a streetcar, when alighting from the car upon a public street or highway, to exercise ordinary care for his own safety against danger arising from the use of the street at that time and place by vehicular travel; and when the stop of the streetcar is at a point where vehicular travel is not held in abeyance by a traffic officer, signal light or other regulations, while the streetcar is standing at such stop, the ordinary care required on the part of the passenger leaving the car at such point includes the duty of the passenger to look in

the direction from which vehicular travel may reasonably be expected to approach, and such looking should be done at a time when it will be effective to serve the purpose designed by it; and a failure to so look constitutes such negligence as will bar a right of recovery for injuries by collision with such vehicular travel which might otherwise be avoided by the observance of the care required."

The record does not sustain plaintiff's claim that the city of Detroit, department of street railways, was guilty of negligence.

The record sustains the court's conclusion that plaintiff did not take precautions that he should have taken for his own safety. Plaintiff testified that when the conductor opened the door: "I kind of looked." He further said that he was inside the car when he "looked towards the back when he (conductor) opened the door," and when asked whether he put his head outside of the door to look, he said he did "to a certain extent," that he "just peeked my head out a little" and that he couldn't see very far down.

The trial court was justified in finding that the plaintiff was guilty of contributory negligence.

Appellant calls attention to CLS 1952, § 257.664 (Stat Ann 1952 Rev § 9.2364), which reads:

"The driver of a vehicle overtaking any railway or streetcar stopped or about to stop for the purpose of receiving or discharging any passenger shall bring such vehicle to a full stop at least 10 feet in the rear of such streetcar and remain stationary until any such passenger has boarded such car or reached the adjacent sidewalk except that where a safety zone has been established. * * *"

Appellant contends "it was the duty of the defendant Eleanor Nutt to know that the streetcar either had stopped, or was about to stop for the purpose of permitting plaintiff to alight, * * *

and that it was therefore her additional duty to*
remain stationary until he had reached the adjacent
sidewalk of this very narrow street."

If the record had disclosed that plaintiff had exercised due care and caution for his own safety a question of fact as to defendant Eleanor Nutt's negligence would have arisen which would have justified submitting the question to a jury for decision. However, the record does not so disclose, and the trial court was justified in directing a verdict.

Judgment affirmed. Costs to defendants.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.