349 Mich. 67 (1957)
84 N.W.2d 544
ROGERS
v.
BENEDICT.
Docket Nos. 30, 31, Calendar Nos. 47,197, 47,198.
Supreme Court of Michigan.
Decided July 31, 1957.
*68 Russell W. Conroy and Roger H. Nielsen, for plaintiffs.
McAuliffe & Harbert (J.W. McAuliffe, of counsel), for defendant.
BLACK, J.
These are consolidated actions for negligence arising out of an automotive collision. One is brought by plaintiff Kathryn Rogers for personal injuries. The other, derivative from the first, is brought by Charlie H. Rogers, husband of plaintiff Kathryn Rogers.
Mrs. Rogers was driven to the vicinity of the collision  near the plant gates of Eaton Manufacturing Company at Springfield  by her husband, the latter being an employee of Eaton. Mr. Rogers was due to start his work shift at the time, and intended that Mrs. Rogers have the car for the day. He stopped the car at right-hand curb of the north-south street, opposite the mentioned plant gates and facing north, and got out preparatory to crossing the street from east to west with other employees of Eaton.
After Mr. Rogers got out of the car and started across the street, Mrs. Rogers moved over to the driver's position. Having made (according to her testimony) observation ahead and to the rear, she started the car forward intending to drive northward. Defendant's milk truck was parked at the time facing east and away from the street, in a private driveway leading easterly from such right-hand curb, a short distance ahead[*] of the Rogers car. The rear end of the truck, in its parked position, was "about 3 feet" east from the curb. The truck had remained in that position some little time for the purpose of delivery of milk.
*69 As (or shortly after) Mrs. Rogers started the car forward, the truck started backing toward and into the street. A collision occurred, the impact being between the right rear end of the truck and the right side of the Rogers car. Mrs. Rogers was injured.
Since the parties agree that the usual questions of negligence and contributory negligence became issues of fact on the evidence as received, it is unnecessary to detail the sharply-disputed collision-causing evidence beyond presentation of the basic contentions of the parties. The essence of plaintiffs' claim is given in the trial judge's charge as follows:
"She saw the milk truck parked in the driveway and it was not moving. She put the car in gear and pulled out at an angle into the street at about 5 miles per hour. That as she neared the center of the highway she saw the milk truck out of the corner of her eye backing towards her. She thought of putting on the brakes, but doesn't know whether she did or not. The rear end of the truck struck the Hudson car she was driving about in the middle of the right side of said car, causing a violent collision, causing the baby to be thrown to the floor and plaintiff to be thrown against the steering wheel and the side of the car, causing her serious and permanent injuries."
That of the defendant is stated in the charge as follows:
"Defendant, after making delivery of the milk, returned to his truck, looked for moving traffic on the street. Seeing none he started to back up. At about the same time plaintiff, Kathryn Rogers, started to move ahead. The defendant's helper saw plaintiffs' car moving and yelled a warning and defendant brought his truck to an immediate stop with the rear end of it barely into the street. Plaintiffs' car continued to move and was damaged to the extent of a *70 furrow or scratch about half an inch deep extending from the front of the front door to the rear of the rear door, which defendant claims was made by the bumper on the rear of the truck."
The cases so consolidated came to trial before court and jury. The jury returned a verdict for defendant, on which judgment was entered. On appeal, plaintiffs confine reviewable complaint to jury instructions and direct attention to the following specific and connected portion of the judge's charge:
"Defendant, Virgil M. Benedict, who had driven his milk truck into the private driveway had a right to back the same out onto 20th street, but first he must make observations as to the traffic on said 20th street and ascertain if the movement could be made in safety and then use every precaution, so as not to injure another lawfully using said highway.
"The plaintiff had a reciprocal duty to operate her automobile on said 20th street so as not to collide with another vehicle on or about to enter said 20th street. It was her duty to make observations before starting up and moving forward on said highway. It was her duty to have seen what she could see, the milk truck of defendant in the driveway, and anticipate that it might be backed out into the highway; and to have her automobile under control so that she could stop or turn out and avoid an accident if possible.
"This is not a case involving rules as to speed or assured clear distance as far as defendant's conduct is concerned.
"I charge you that * * * [CLS 1954, § 257.652 (Stat Ann 1952 Rev § 9.2352)] provides: That `the driver of a vehicle about to enter or cross a highway from an alley, private road or driveway shall come to a full stop before entering such highway.'
"In this case evidence clearly establishes that defendant was stopped for some time before getting in his truck to attempt to back into the street. In this *71 respect, the statutory mandate had been complied with.
"I charge you further that once the defendant stopped, it was his duty to exercise only that care which a reasonably prudent person would exercise under the same or similar circumstances. This includes the requirement that he make reasonable observations of traffic in the street before attempting to back into the street.
"If you find that the defendant made reasonable observations and acted as a reasonably prudent person would under the same or similar circumstances before starting to back into the street, and from such observations saw no moving traffic, then his conduct in starting to back his truck was not negligent.
"I charge you further that the duty of keeping a lookout is a part of the requisite care which a driver must exercise in backing is sufficiently met where the driver has another occupant in the car to watch to the rear while engaged in performing such operations.
"Accordingly, I charge you that if you find that defendant driver and his helper were making proper observations on both sides of the truck as it was being backed out of the driveway, that the helper saw the moving automobile of the plaintiff, promptly sounded a warning and the driver of the truck promptly brought his truck to a stop, then the combination of the action of the driver and his helper complies with the requirements of the law regarding the duty to maintain a proper lookout.
"I charge you further that if you find that the driver of defendant's truck, with the help of his helper, exercised that reasonable care which reasonably prudent people would have exercised under the same or similar circumstances, then and in such event the defendant was free from negligence which constituted a proximate cause of the accident, and your verdict should be one of no cause for action.
"I charge you that under * * * [CLS 1952, § 257.648 (Stat Ann 1952 Rev § 9.2348)] it provides *72 as follows: `The driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made in safety.' Accordingly, I charge you that it was the duty of plaintiff in this case before starting her automobile to see that such movement could be made in safety.
"Therefore, if the plaintiff started to drive her car forward without making observations to see that such movement could be made in safety and failed to observe the movement of the truck, which was in plain sight, then she has failed to exercise that care which the law requires of her and she is guilty of negligence and if her negligence in that regard caused or contributed to the accident and her injuries, then she cannot recover.
"I charge you that it was the duty of the plaintiff in this case to see what was in plain sight to be seen and to take such steps as were available to her to avoid an accident. Accordingly, if you find that the plaintiffs  plaintiff  failed to see that which was in plain sight and readily seen, and if you further find such failure constituted a proximate cause of the accident, then she is guilty of contributory negligence and may not recover.
"I charge you further that if the plaintiff saw the movement of defendant's truck and by applying her brakes, or by swerving to the left could have avoided the accident, then her failure to take such measures to avoid the accident constitutes negligence and if you find that her negligence in these particulars constituted a proximate cause of the accident, she is guilty of contributory negligence and may not recover.
"I charge you that the law does not forbid the backing of an automobile upon the streets or highways of this State, and to do so does not constitute negligence, but the driver of an automobile must exercise ordinary care in backing his machine so as not to injure others by the operation and his duty requires only that he adopt sufficient means to ascertain *73 whether others are in the vicinity who may be injured, and if he fails to do so he would be negligent.
"I charge you that if you find that the defendant at the time he started to back his truck had made proper observations and was acting as an ordinary prudent and careful person would act under the same or similar circumstances, then from that time forward, the duties of the parties were equal and coextensive and each owed the same duty to discover the other and take the means available to avoid the collision, and if you find the defendant brought his car to a stop promptly upon receipt of a warning and plaintiff failed to do likewise, then the plaintiff would be guilty of negligence and if you find that her negligence in that regard caused or contributed to the accident and her injuries then she cannot recover.
"I charge you further that if both parties were guilty of negligence then the plaintiff may not recover.
"I charge you further that the duties of both parties which are inherent in the exercise of that due care which connotes freedom from negligence or contributory negligence, as defined by the courts, includes the duties to maintain a reasonable and proper lookout to see what is plainly there to be seen and give it due heed and before proceeding from a suitable observation of conditions then and there existing, to form a reasonable belief that it is safe to proceed. Failure to perform any of these duties has been held to constitute negligence or/and contributory negligence.
"I charge you that if you find the plaintiff had knowledge of the milk truck standing in the driveway and it was reasonable to assume that said truck would back out of the driveway, then she had an obligation not only to make observations for traffic from the front or rear, but also was required to make reasonable observations to observe said truck and that if she failed to exercise reasonable care and *74 take proper precautions in observing said truck and acting accordingly and that she knew or should have known that said truck constituted a possible danger and you find further that she failed to make such observations and failed to take proper precautions, then her actions or omissions in that respect constituted negligence, and if you find her negligence in that regard caused or contributed to the accident and her injuries, then she cannot recover."
BLACK, J. (after stating the facts). In Schattilly v. Yonker, 347 Mich 660, we considered the dangers of wholesale adoption of self-serving and argumentative requests to charge submitted exclusively by one party. Here, as in Schattilly, the jury charge (pertaining to the question of liability) was made up from defendant's requests as preferred. The first 2 paragraphs of the quoted portion of such charge, together with occasional minor changes of phraseology, constitute the only exceptions. What we have quoted is "replete with error" (quotation from Schattilly, p 668 of report). It led the jury to understand that Mrs. Rogers "had a reciprocal duty to operate her automobile on said 20th street so as not to collide with another vehicle on or about to enter said 20th street;" to understand that Mrs. Rogers was unqualifiedly burdened with duty to "anticipate that it (the milk truck) might be backed out into the highway;" to understand that the defendant was free from negligence "in starting to back his truck" providing he and his helper "saw no moving traffic;" to understand that applicable duties of the 2 drivers became "equal and coextensive and each owed the same duty to discover the other and take the means available to avoid the collision," and to understand that Mrs. Rogers was guilty of negligence if she failed "to observe the movement of the truck."
*75 The charge made no reference to the immediately superior passage-right, of a motorist lawfully starting or proceeding forward on the paved portion of a street or highway, over the passage-right of another motorist about to enter, at the same time from a private way, the identical portion of such street or highway. It failed to spell out the specific duty of a motorist undertaking to back, with substantially blinded view of the immediate area of expectable danger, into a busily occupied street, and it applied the duty-rules of section 257.648[*] to the plaintiff motorist but not to the defendant. Finally, and in no portion of the somewhat repetitious paragraphs of the charge concerning contributory negligence, do we find qualificational advices respecting that which is known in our reports as the doctrine of sudden emergency.
Mrs. Rogers, initially at least, was possessed of that general right a motorist enjoys when starting or proceeding lawfully forward on a public way; the right to assume that drivers of vehicles parked or stopped ahead in private ways will not move into his rightful path save only when relative distances (and, usually, rates of speed) reasonably permit such movement. Such assumptive right, applied to the disputed, as well as undisputed, facts before us, brings the mentioned emergency doctrine into rightful instructional play. This does not mean that the trial judge was obligated, in the absence of properly couched request of plaintiffs, to instruct the jury with respect to such emergency doctrine. It does mean that the instructions we have criticized constituted reversible error in the absence of an appropriate proviso addressed to employment of that doctrine should the facts as found by the jury so warrant.
*76 Realizing that litigation should come to an early end, and pursuing duty to declare errors harmless whenever such conclusion is fairly permissible, we have carefully reviewed the entire charge, and the separately certified record with transcript, in effort to apply our rule that context errors are not reversible if the charge "taken as a whole clearly states the law" (Smalley v. Detroit & Mackinac R. Co., 131 Mich 560, 563; Max v. City of Detroit, 337 Mich 674, 678). The effort turns out to be abortive. Nowhere in the charge do we find that the errors to which we have alluded were repaired, in general substance or otherwise. In these circumstances we conclude with reluctance that the judgment must be reversed.
Reversed for new trial. Costs to plaintiffs.
DETHMERS, C.J., and SHARPE, SMITH, EDWARDS, VOELKER, KELLY and CARR, JJ., concurred.
NOTES
[*] Defendant says this distance was "a car length or two from the plaintiffs' car."
[*] CLS 1952, § 257.648 (Stat Ann 1952 Rev § 9.2348).  REPORTER.