FLETCHER v. STRATTON

NEGLIGENCE—LAST CLEAR CHANCE—INSTRUCTIONS TO JURY.
   Refusal of trial court to instruct the jury on the doctrine of subsequent negligence or last clear chance was not error where from the record it appears that the negligent acts of the parties were concurrent.

Appeal from Wayne, Thomas J. Murphy, J. Submitted Division 1 December 5, 1969, at Detroit. (Docket No. 6,499.) Decided December 8, 1969.

Complaint by Mary Fletcher, administratrix of the estate of John Richardson, deceased, against John D. Stratton for damages resulting from an automobile accident. Judgment for defendant. Plaintiff appeals. Affirmed.

*Sanford N. Lakin,* for plaintiff.

*Moore, Sills, Poling & Wooster,* for defendant.

Before: R. B. BURNS, P. J., and HOLBROOK and V. J. BRENNAN, JJ.

PER CURIAM. Plaintiff's decedent (hereinafter referred to as plaintiff) was proceeding south on Van Dyke in the city of Warren. Van Dyke is a

REFERENCE FOR POINTS IN HEADNOTE
38 Am Jur, Negligence §§ 349, 367.

seven-lane highway with the middle lane used as a left turn lane. At the Van Dyke-Toepher intersection, there is a gas station on the northeast corner, with two driveway entrances into the station. Plaintiff was making a left turn into the northernmost driveway of the station. The driveway was approximately 150 feet north of the intersection. Testimony indicated that when plaintiff began his turn, the traffic light for northbound Van Dyke traffic was red. Plaintiff crossed the highway at a speed of approximately five to seven miles per hour and continued through the two lanes when struck by the defendant in the curb lane.

Defendant had stopped for the red light and proceeded north when the light changed to green. Testimony placed defendant's speed at 30 m.p.h. When he first saw the plaintiff, he applied his brakes and left skid marks for 25 to 40 feet.

The jury returned a verdict of no cause of action and plaintiff appeals, claiming the trial court erred in its charge to the jury concerning the elements of contributory negligence and in failing to instruct the jury as requested by plaintiff on the elements of contributory negligence, and that the court erred in refusing to instruct the jury on gross negligence, willful and wanton misconduct and the last clear chance doctrine.

Upon a review of the transcript of the testimony taken at the trial and of the instructions to the jury, we are convinced that considered in its entirety the instructions were not incorrect.

"The charge taken as a whole clearly states the law as applicable to this particular case and clearly defines the issue. The fact that some sentences when isolated might be objectionable does not constitute error if the charge taken as a whole clearly

states the law." *Max* v. *City of Detroit* (1953), 337 Mich 674, 678.

Nor did the trial court commit prejudicial error by omission of requested instructions.

"We also find that plaintiffs' contention that the trial court erred in refusing to give an instruction on the doctrine of subsequent negligence to be without merit. Since from the record it appears that the acts of negligence were concurrent, the doctrine of subsequent negligence has no application as a matter of law and the refusal to give the instruction dealing with it is not error." *Ramierz* v. *Chenier* (1969), 16 Mich App 721.

Affirmed. Costs to defendant.